Superior Court of Vermont
Environmental Division

========================================================== 
E N T R Y   O R D E R
==========================================================

Lidstone Variance & Waiver                    Docket No. 65-4-10 Vtec
Project:      Lidstone West Shore Road Setback/Road Change
Applicant:    Philip Lidstone                   Municipal ZBA

As discussed on the record of the telephone conference held on July 12, 2010, both ZBA decisions appealed in this matter fail to meet the minimum requirements of 24 V.S.A. § 4464(b)(1). That section requires that "[d]ecisions shall be issued in writing and shall include a statement of the factual bases on which the [ZBA] has made its conclusions and a statement of the conclusions."

The variance decision contains no factual findings, and although it does state which of the five variance criteria the ZBA concluded were or were not met by the application, the absence of underlying facts means that it fails to state the factual bases for the ZBA's conclusions.

The waiver decision also contains no factual findings other than that "there is considerable opposition, by the neighbors, to moving the road." The waiver decision does not state the criteria in the zoning regulations for granting a waiver, or whether opposition by the neighbors relates to any of the waiver criteria. It does not state what the proposal is, and does not state what underlying facts led the ZBA to conclude that the proposal would be "unsafe" or that it would "undermine the intent" of the zoning regulations.

Accordingly, the above-captioned ZBA decision is VACATED and the matter is hereby REMANDED to the ZBA for it to issue a decision meeting the minimum requirements of 24 V.S.A. § 4464(b)(1).

It will be up to the ZBA in the first instance to decide whether it needs to take any additional evidence or simply needs to undertake additional deliberation in order to issue a decision in writing that includes a statement of the factual bases on which it has made its conclusions and a statement of the conclusions. Note that 24 V.S.A. § 4464(b)(1) allows the required written decision to be stated in the hearing minutes or in a separate written decision.

Any appeal of such future decision of the ZBA will require a new notice of appeal and receive a new docket number. As this remand was not made necessary by any action of the Appellant, if Appellant files an appeal of the new decision, the Court will waive the filing fee. Please attach a copy of this entry order to the new notice of appeal if any such request is made.

The Court also notes that an application for an alternative project, also seeking a waiver, has recently been decided by the ZBA but has not yet been appealed. If that case is appealed, it will be charged the filing fee for an additional appeal, as if the above-captioned appeal were still pending. Also please attach a copy of this entry order to the notice of appeal if any such request is made.

_Merideth Wright_
Judge

July 13, 2010
Date

===========================================================

Date copies sent to: __7/13/10__     Clerk's Initials __/s/__
Copies sent to:
    Attorney Christopher T. Corsones for Appellant Philip Lidstone
    Attorney James F. Carroll for Appellee Town of Tinmouth
    Interested Persons Barbara Leiser and Robert Jeffrey